UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INA PALMER, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3-04-cv-1416 (JCH) |
| JOSEPH A. SENA, JR., ESQUIRE, | : | |
| d/b/a LAW OFFICES OF | : | |
| JOSEPH A. SENA, JR., | : | |
|     Defendants | : | JUNE 10, 2005 |

**RULING ON DEFENDANT'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [DKT. NO. 11]**

The plaintiff, Ina Palmer, claims breach of contract, negligence, recklessness, and fraud by the defendant, Joseph Sena. Sena claims that three of the four counts of the complaint ought to be dismissed because Palmer has failed to state a claim upon which relief can be granted.

### I.     FACTUAL BACKGROUND

We consider the facts in the light most favorable to the plaintiff. Palmer entered the United States on a fiancé visa to marry Brian Doyle, a United States citizen, on or about January 14, 2001. Her visa expired April 13, 2001. Palmer and Doyle decided not to marry. On or about February 7, 2001, the plaintiff met Dale Palmer. They married on February 14, 2001. On February 16, the Palmers retained the services of the defendant to obtain permanent resident status and, eventually, citizenship for Ina Palmer. On or about March 30, the Immigration and Naturalization Service ("INS") received from Sena a Relative Petition request for Ina Palmer. That Petition Request was approved on or about August 31. On October 15, Sena submitted additional

1

paperwork to support an application for Permanent Resident status. On January 15, 2002, the Palmers and Sena attended an adjustment of status interview in Hartford, Connecticut. The INS representative stated to Sena that his client was not eligible for adjustment of status and that her petition would be denied. On December 3, 2002, Sena informed Ina Palmer that the INS caused delays resulting from an administrative error with her application. On January 26, 2004, Palmer's application was denied because she entered the country on a fiancé visa and she did not marry the person who had petitioned for the visa. Palmer is now subject to deportation and, upon deportation, will be ineligible for return to the United States for a period of at least ten years.

## II.     DISCUSSION

### A.     Introduction

Arguing that Palmer has alleged insufficient facts to support her claims for breach of contract, recklessness, and fraud, Sena has moved for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### B.     Standard of Review.

A Rule 12(b)(6) motion to dismiss tests only the adequacy of the complaint. United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004). As a result, such a motion may only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering such a motion, the court must accept the factual allegations alleged in the complaint as true and all inferences must be drawn in

the plaintiff's favor.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).  A Rule 12(b)(6) motion to dismiss cannot be granted simply because recovery appears remote or unlikely on the face of a complaint.  Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Id. (quotation omitted).  However, "[w]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

    **C.**    **Counts One and Three of Palmer's Complaint State Claims Upon Which Relief Can Be Granted and Are Not Subject to Dismissal**

Count One of the complaint alleges breach of contract based on a contract for legal services.  Palmer argues that Sena has failed to state a claim because there is no breach of contract action for failure to provide adequate professional services.  However, the Connecticut "Supreme Court has recognized that not all actions against an attorney are necessarily actions in tort."  Hill v. Williams, 74 Conn. App. 654, 659 (2003) (citing Stowe v. Smith, 184 Conn. 194, 198-99 (1981); Robbins v. McGuinness, 178 Conn. 258, 261-62 (1979).  Sena cites cases addressing the appropriateness of summary judgment on a breach of contract claim against an attorney.  The court does not currently face the question of the merits of Palmer's claim.  While the plaintiff's claim may not survive a motion for summary judgment, she has alleged sufficient facts to make a claim for breach of contract.

Count Three of the complaint alleges recklessness on the part of Sena in the course of his representation.  Under Connecticut law, recklessness requires "a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man."  Bishop v. Kelly, 206 Conn. 608, 614 (1988).  The allegations of Palmer are sufficient to support a claim of recklessness under the federal pleading rules, that Sena knew his actions were likely to result in very serious negative consequences, that would have been otherwise avoidable, for his client.

### D.	Count Four of the Complaint Does Not Comply with Rule 9

Because Rule 9 of the Federal Rules of Civil Procedure establishes a higher standing of pleading for claims of fraud, the court cannot reach the same conclusion with respect to Count Four.  "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  Fed. R. Civ. P. 9(b).  "Although scienter need not be alleged with great specificity, plaintiffs are still required to plead the factual basis which gives rise to a 'strong inference' of fraudulent intent."  Wexner v. First Manhattan Co., 902 F.2d 169 (2d Cir. 1990).  "A plaintiff can establish a strong inference of fraudulent intent in two ways: 'either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.'"  Chill v. General Elec. Co., 101 F.3d 263, 267 (2d Cir. 1996) (quoting Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir.1994)).

4

The facts as alleged in the complaint fail to support a "strong inference" of fraudulent intent.  There are no facts to support a motive and opportunity to commit fraud.  While they support a claim for recklessness, they do not consist of "strong circumstantial evidence" to that effect.  Id.  Therefore, this claim of the complaint is dismissed.

### III.     CONCLUSION

For the reasons discussed above, the defendant's motion to dismiss counts one and three of the complaint is DENIED.  The defendant's motion to dismiss count four of the complaint is GRANTED.  Within thirty (30) days of this ruling, Palmer may amend the complaint in order to replead count four in accordance with Rule 9 of the Federal Rules of Civil Procedure.

**SO ORDERED**

Dated at Bridgeport, Connecticut this 10th day of June, 2005.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge