UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INA PALMER, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3-04-cv-1416 (JCH) |
| JOSEPH A. SENA, JR., ESQUIRE, | : | |
| d/b/a LAW OFFICES OF | : | |
| JOSEPH A. SENA, JR., | : | |
|     Defendants | : | MARCH 5, 2007 |

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION [Doc. No. 53]**

**I.  INTRODUCTION**

The plaintiff, Ina Palmer, brought claims of breach of contract, negligence, recklessness, and fraud by the defendant, Joseph Sena. Palmer now moves the court to reconsider its previous Ruling on Defendants' Motion for Summary Judgment ("Ruling") [Doc. No. 51], in which it had granted summary judgment to the defendants.

**II.  DISCUSSION**

Palmer requests that, in light of the availability of new evidence on the issue of proximate cause, the court reconsider its January 30, 2007 Ruling granting the motion for summary judgment.

Under Local Rule 7(c)(1) of the District of Connecticut, "motions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought." D. Conn. L. Civ. R. 7(c)(1); see also Fed. R. Civ. P. 59(e).[1]  A failure to timely file a motion for reconsideration may constitute

---

[1]The Second Circuit has held that motions for reconsideration under the local rule "are as a practical matter the same thing as motions for amendment of judgment under Fed.R.Civ.P.

1

sufficient grounds for denying the motion; however, courts have exercised their discretion to address even untimely motions.  See Lopez v. Smiley, 375 F. Supp. 2d 19, 21-22 (D. Conn. 2005); see also Transaero, Inc. v. La Fuerza Aerea Boliviana, 99 F.3d 538, 541 (2d Cir. 1996) ("[A] district court is vested with the power to revisit its decisions before the entry of final judgment and is free from the constraints of Rule 60 in so doing.").

The standard for granting a motion for reconsideration is strict.  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Id.  A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  Id.

Palmer's motion for reconsideration is untimely, as it was filed on February 15, 2007, while the court's Ruling was dated January 30, 2007.[2]  Although this fact alone is sufficient grounds for denying the motion, the court will nevertheless exercise its discretion to consider Palmer's motion for reconsideration at this time.  Palmer relies on one of three possible grounds for motions for reconsideration under Fed. R. Civ. P.

---

59(e)–each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance."  City of Hartford v. Chase, 942 F.2d 130, 133 (2d Cir. 1991).

[2]In its motion, Palmer appears to rely on the February 6, 2007 "JUDGMENT Ordered and Adjudged entered in favor of defendant Joseph A. Sena, Jr against plaintiff Ina Palmer" that was signed by the Clerk [Doc. No. 52].  However, under Local Rule 7(c)(1), motions for reconsideration must be filed within ten days from the date of the ruling to which the motion is directed, which in this case was this court's January 30, 2007 Ruling.  See D. Conn. L. Civ. R. 7(c)(1); see also Pappas v. New Haven Police Dept., 2002 WL 1627601, at *1 n.1 (D. Conn. 2002).

59(e): the availability of new evidence not previously available. See Rand-Whitney Containerboard Ltd. Partnership v. Town of Montville, 2005 WL 2416094, at *1 (D. Conn. 2005); see also U.S. v. Billini, 2006 WL 3457834, at *1 (S.D.N.Y. 2006).[3] Regarding this ground, courts have noted that motions under Rule 59(e) "'are not vehicles for bringing before the court theories or arguments that were not advanced earlier. Nor may the motion present evidence which was available but not offered at the original . . . trial.'" Larsen v. Ortega, 816 F. Supp. 97, 114 (D. Conn. 1992) (citations omitted).

The same standard applies to motions regarding newly discovered evidence under Rule 59(e) or Rule 60(b)(2). See Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2859, at 302 (1995); see also Patel v. Lutheran Medical Center, Inc., 775 F. Supp. 592, 596 (E.D.N.Y. 1991). In order to succeed on such motions, "the movant must present evidence that is 'truly newly discovered or . . . could not have been found by due diligence.'" U.S. v. Potamkin Cadillac Corp., 697 F.2d 491, 493 (2d Cir. 1983) (citations omitted); see also Billini, 2006 WL 3457834, at *1 (same requirement of due diligence with respect to Rule 59(e) motion). "A motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency" of the underlying motion. Seaboard Stamford Investor Assoc. v. Thinkdirectmarketing, Inc., 2004 U.S. Dist. LEXIS 1688, at *2-3 (D. Conn. 2004).

---

[3]The other two grounds are: "an intervening change of controlling law," and "the need to correct a clear error or prevent manifest injustice." Rand-Whitney Containerboard, 2005 WL 2416094, at *1.

In this case, Palmer has introduced an affidavit by Attorney Swaine that now addresses the issue of proximate cause, an issue which Attorney Swaine had failed to address in his prior sworn deposition testimony because he had not been asked to testify regarding causation. See Ruling at 7. Attorney Swaine's affidavit states that his opinion on the causation issue is based on the materials originally considered by him; that is, his deposition, Attorney Sena's deposition, and Palmer's Damage Analysis dated August 24, 2006. See Plf.'s Motion for Reconsideration at Ex. A, Swaine Aff. at ¶ 8 [Doc. No. 53]. This evidence was available prior to this court's Ruling, and thus it does not appear that Attorney Swaine's opinion was based on any newly discovered evidence. Moreover, although Palmer states that Attorney Swaine's affidavit was "not available at the time of the Court's ruling," there is no evidence indicating that Palmer exercised due diligence in order to obtain such a statement; indeed, Attorney Swaine's simple answer at his deposition as to why he was not prepared to testify regarding causation or damages was because he had not been asked to by the plaintiff. The court agrees with the defendant that this "new" evidence would have been available to Palmer had she asked Attorney Swaine for his opinion on causation, and thus it finds that this is not the kind of "new evidence not previously available" that is contemplated under the Rule. See Billini, 2006 WL 3457834, at *1.

## III. CONCLUSION

For the foregoing reasons, the court DENIES Palmer's Motion for Reconsideration [**Doc. No. 53**].

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 5th day of March, 2007.

/s/ Janet C. Hall  
Janet C. Hall  
United States District Judge